# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

**FILED**
DEC 17 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____Rm_____, DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Premises known as 1812 Northeast 36th Street, Lawton, Oklahoma, the surrounding curtilage, and any vehicles, garages, and outbuildings thereon

Case No. M-19-673-STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Western___ District of ___Oklahoma___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Sections | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(3) | User of illegal controlled substance in possession of firearms, ammunition, and destructive device |

The application is based on these facts:
See attached Affidavit of ATF Special Agent Brenden Taylor, which is incorporated by reference herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

BRENDEN TAYLOR, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/17/19

City and state: Okla. City, OK

_____
Judge's signature

SHON T. ERWIN, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF PREMISES KNOWN AS 1812 NORTHEAST 36TH STREET, LAWTON, OKLAHOMA, THE SURROUNDING CURTILAGE, AND ANY VEHICLES, GARAGES, AND OUTBUILDINGS THEREON | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Brenden Taylor, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Oklahoma City, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for firearms, ammunition, explosives and explosives manufacturing materials, and illegal narcotics, which are located at the residence of **Raymond RICHARDSON**, 1812 Northeast 36th Street, Lawton, Oklahoma (hereinafter **SUBJECT RESIDENCE**), which is within the Western District of Oklahoma and is more fully described in Exhibit A. The **SUBJECT RESIDENCE** is owned by **RICHARDSON**, and his estranged wife, who no longer resides there. I am requesting that the warrant permit a search for and seizure of the evidence listed in Attachment B.

2. I am a Special Agent with the ATF, and have been since November 2015. I have been assigned to Oklahoma City Field Office since June, 2016. Prior to being

1

employed by the ATF, I served as a police officer for two years each in Columbia, Missouri, and Norfolk, Virginia, and as an Air Marshal for seven years in the Federal Air Marshal Service. I am a graduate of the Federal Law Enforcement Training Center and have participated in a variety of investigations, including investigations of individuals involved in firearms possession and drug activity.

3. As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. I am investigating the activities of **Raymond RICHARDSON** for violations of Title 18, United States Code, Section 922(g)(3) (user of illegal controlled substance in possession of firearms, ammunition, and destructive device).

5. This Affidavit is being submitted for the limited purpose of securing a search warrant. I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## BACKGROUND OF INVESTIGATION

6. At approximately 3:51 pm on December 13, 2019, **RICHARDSON** approached the Scott Gate at 4995 Ft. Sill Boulevard, at Ft. Sill Army Base, while driving a blue Chevrolet Silverado, OK license GT4974. When **RICHARDSON** stopped at the gate, he tried to shake the gate guard's hand and said, "I know you and I am a racer and

can make you money." **RICHARDSON** told the gate guard, "I retired from the Army last year." **RICHARDSON** handed the gate guard a cell phone and told the guard he was on Facebook Live. **RICHARDSON** put the truck in park, put his feet on the dashboard, and said, "I'm not going anywhere, and I have eighty billion dollars of Justin Bieber's money." The gate guard asked **RICHARDSON** for his ID. **RICHARDSON** said he did not have ID. The gate guard told **RICHARDSON** to turn the truck around. **RICHARDSON** replied, "This is not my truck, I'm stoned, and I'm not going anywhere but base to get cigarettes." The gate guard again told **RICHARDSON** to turn the truck around. **RICHARDSON** replied, "I'm getting on base, you are going to have to shoot me for me not to get on." **RICHARDSON** pointed his phone at another gate guard and said, "Tell him I'm real." **RICHARDSON** put the truck in gear and said, "Call the cops. I'm not going anywhere." **RICHARDSON** then drove the truck through the gate onto Ft. Sill without authorization. Marked Military Police (MP) vehicles pursued **RICHARDSON** attempting to stop him. After a brief chase, **RICHARDSON** stopped the vehicle, but refused to exit it. MP's then had to extract **RICHARDSON** from the vehicle and fought with him to get him in handcuffs. While this was occurring, **RICHARDSON** made statements about using Facebook Live, and also made threats towards officers yelling "I'm going to kill you when I get back in my truck", and yelling for his dog to attack the MP's. **RICHARDSON** was taken into custody, and booked into the Comanche County Jail on charges of threatening a federal officer, eluding a peace officer, assaulting resisting or impeding an officer, unlawful entry onto a military reservation, and operating a vehicle without a driver's license in his possession.

7. Law enforcement learned that earlier on December 13, 2019, at approximately 1:30 pm, Joshua D. Miller visited **RICHARDSON** at the **SUBJECT RESIDENCE** in order to discuss **RICHARDSON** purchasing his blue 2003 Chevrolet Silverado, OK registration GT4974.[1] Miller met **RICHARDSON** through Facebook. While in the **SUBJECT RESIDENCE**, Miller observed **RICHARDSON** smoking marijuana, and described **RICHARDSON** as being very high. While in the **SUBJECT RESIDENCE,** Miller also observed several firearms, to include an AR-15/M4 style rifle, a .45 caliber pistol, a bolt action rifle, and a shotgun. Miller described the AR-15 and the .45 caliber pistol as being in "condition amber", which is a phrase used to describe a firearm that is loaded with the safety engaged. Miller stated that the AR-15 was on the kitchen counter, but at times **RICHARDSON** would carry it around on a sling. Miller also stated that he observed two or three ammunition cans worth of 5.56 x 45mm, .45 ACP and shotgun ammunition in the **SUBJECT RESIDENCE.**

8. While in the **SUBJECT RESIDENCE,** Miller stated that he also observed a container holding a mixture of gray powder and pellets. When Miller asked **RICHARDSON** about the mixture, **RICHARDSON** stated that it was ammonium nitrate mixed with aluminum powder. I know from my training and experience that ammonium nitrate and aluminum powder are ingredients for an explosive substance called ammonal. **RICHARDSON** told Miller that he was making his own Tannerite and that he wanted to

---

[1] Miller is a Specialist (SPC) in the United States Army. He is assigned to the 902D Military Police (MP) Detachment at Fort Sill, Oklahoma. However, his meeting with RICHARDSON was not related to his official duties and occurred while Miller was off-duty.

blow stuff up. I know that Tannerite is the commercial name of product shipped and sold as two *unmixed* ingredients that the user must mix together to form an explosive substance.

9. Following **RICHARDSON**'s arrest, on-duty MP's notified Miller that his truck had been involved in the incident. After retrieving the truck, Miller checked **RICHARDSON**'s Facebook account and observed a video taken while **RICHARDSON** approached and interacted with the gate guards. Miller described the video to me, as **RICHARDSON**'s privacy settings only allow friends to view his recent videos. In the video, **RICHARDSON** states that he is going onto Fort Sill to buy cigarettes. **RICHARDSON** states that he does not have his wallet, but "I own this town so they'll let me in." The video shows **RICHARDSON** telling the gate guards that he will pay them to let him on base, and then drives through the gate.

10. Based on my training and experience as an ATF Firearms Interstate Nexus Expert, it is my opinion that the aforementioned firearms and ammunition observed by Miller in the **SUBJECT RESIDENCE** were not manufactured in the state of Oklahoma, and therefore crossed state lines, thereby affecting interstate commerce.

11. After **RICHARDSON**'s arrest, MPs gave his property, including cellphone and dog, to **RICHARDSON**'s son who recently has been staying at the **SUBJECT RESIDENCE**.

12. Based upon my training and experience, I am aware that individuals involved in illegal narcotics often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones commonly contain electronically stored information which constitutes evidence,

5

fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

13. As described above and in Attachment B, this application seeks permission to search for records that might be found in the **SUBJECT RESIDENCE**, in whatever form they are found. One form in which the records might be found is data stored on a computer's hard drive or other storage media. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

14. *Probable cause.* I submit that if a computer or storage medium is found on the **SUBJECT RESIDENCE**, there is probable cause to believe those records will be stored on that computer or storage medium, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

6

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

## CONCLUSION

15.     Based on the above information, there is probable cause to believe that violation of 18 U.S.C. § 922(g)(3) have occurred, and that evidence, fruits, and instrumentalities of these offenses are located at the **SUBJECT RESIDENCE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT RESIDENCE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

_____
BRENDEN TAYLOR
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

SUBSCRIBED AND SWORN to before me on this 17th day of December, 2019.

_____
SHON T. ERWIN
United States Magistrate Judge

## ATTACHMENT A

### DESCRIPTION OF PROPERTY TO BE SEARCHED

The **SUBJECT RESIDENCE** is a residence located at 1812 Northeast 36th Street, Lawton, Comanche County, Oklahoma 73507. It is described as a two story, single-family house that is reddish brown in color, with tan siding on the second floor and tan garage doors. The residence faces east and is located at the corner of Northeast Richmond Street and Northeast 36th Street. There is a white fifth wheel travel trailer; a white Nissan Altima, OK registration DGA-246; and a black GMC Sierra, OK registration 4DV357 parked in the driveway. All vehicles are registered to **RICHARDSON** and are to be searched if present on the property.



## ATTACHMENT B

## DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

1. Any firearms, firearms components, or firearms accessories;

2. Any firearms ammunition;

3. Explosive filler material to include, but not limited to:

    Powders (I.E. Black powder, smokeless powder, pyrodex, or flashpowder), match heads, commercially manufactured high explosive materials, (I.E., Dynamites, slurries, emulsions), mixed or unmixed chemical powders, substances or liquid chemicals that can be combined to produce an explosive material;

4. Literature pertaining to the assembly, manufacture and functioning of explosive devices or materials, including, but not limited to:

    Books, pamphlets, drawings, sketches, diagrams, photographs, photocopies, computer generated or computer stored information of same;

5. Receipts, wire transfer receipts, bank checks, bank account statements, literature, address books, phone lists, phone books or other notes containing associates, contacts or sources of supply, diaries, documents and cancelled checks related to the acquisition, disposition, receipt, storage, purchase and or sales of explosives, componentry, tools, chemicals/powders, firearms, and ammunition;

6. Any items likely to be contaminated or show traces of any chemical or explosive materials, including but not limited to rugs, cushions, vacuum cleaner bags and attachments;

7. Any controlled substances, including but not limited to marijuana, and any chemicals and/or equipment used for manufacturing, packaging, weighing, cutting, testing, distributing and identifying controlled substances;

8. Cellular telephones belonging to **RICHARDSON**;

9. Computers, laptops, tablets, and other items containing digital storage belonging to **RICHARDSON**; and

10. Indicia of residency of the premises or of any firearms or explosives, including but not limited to:

    Correspondence, lease agreements, deeds, invoices, tax records, sales records, receipts, identification documents, photographs, and/or any item bearing the name or image of any person or the image of any firearm or contraband.